TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00691-CR







Michael Lynn Stewart, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT

NO. 52,174, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING






 A jury convicted appellant of aggravated robbery. See Tex. Pen. Code Ann. § 29.03
(West 1994). The district court sentenced appellant to thirty-five years in prison. In two issues,
appellant challenges the factual sufficiency of the evidence to support his conviction and the district
court's granting of the State's first motion for continuance. Because both challenges are without
merit, we affirm the district court's judgment.


FACTUAL AND PROCEDURAL BACKGROUND

 During the early morning hours of October 14, 2000, appellant, armed with an
automatic pistol, entered a 7-Eleven convenience store. Upon entering the store, appellant told two
customers, Barbara Herman and her friend, Derrell Gills, to leave the store. Appellant then
proceeded to the cashier's counter, pulled out his gun, and ordered the store clerk, Forrest Price, to
give appellant all the money in the cash register. Appellant then exited the store with the money. 
Once outside the store, appellant again encountered Herman, who had not yet left the premises. 
Herman testified at trial that as appellant was leaving the store, he turned toward her and said, "It
wasn't nothing personal. It had nothing to do with you all." Herman and Price testified at trial to
the events they witnessed and positively identified appellant as the man who robbed the 7-Eleven.

 Another witness, Diane Seale, testified that prior to robbing the store, appellant
approached her while she was sitting in her vehicle awaiting the arrival of a friend. Seale told the
jury that she first noticed appellant in her rearview mirror; she then saw him proceed to the side of
her vehicle where he attempted to open the driver's door. When appellant discovered Seale's doors
were locked, he reached in through the open window, placed the gun against her head, and ordered
her out of the vehicle. Seale started the vehicle, "threw it in drive and stepped on the gas." 
According to Seale, appellant hung on to the side of her vehicle for approximately ten to fifteen feet
before letting go. Seale stated that after she was free of appellant, she looked in her rearview mirror
and saw appellant enter the 7-Eleven. Seale testified at trial that she had no doubt that appellant was
the man who attempted to rob her.


ANALYSIS

 In his second point of error appellant contends that the numerous inconsistencies in
the witnesses' testimony render the evidence factually insufficient to support his conviction for
aggravated robbery. Appellant does not challenge the legal sufficiency of the evidence to sustain his
conviction. A review of the factual sufficiency of the evidence begins with the presumption that the
evidence is legally sufficient to support the judgment. Clewis v. State, 922 S.W.2d 126, 134 (Tex.
Crim. App. 1996). In such a review, we consider the evidence without employing the prism of "in
the light most favorable to the verdict." Id. at 129. Evidence is factually insufficient if it is so weak
as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and
preponderance of the available evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). 
Thus, in conducting a factual sufficiency review of the elements of a criminal conviction, we ask
whether a neutral review, both for or against the finding, demonstrates that the proof of guilt is so
obviously weak as to undermine the confidence in the jury's determination or that proof of guilt,
although adequate taken alone, is greatly outweighed by contrary proof. Id. Further, in conducting
our analysis, we recognize that the jury is the sole judge of the weight and credibility of the
testimony and we should not substitute our judgment for that of the jury's. See Santellan v. State,
939 S.W.2d 155, 164 (Tex. Crim. App. 1997). To be sure, in a factual sufficiency analysis we defer
to the jury's findings. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). Under this
standard of review, a decision is not manifestly unjust merely because the jury resolved conflicting
evidence in the State's favor. Id. at 410.

 Appellant contends that, because there is evidence that at least two witnesses
underestimated his height, witnesses misidentified him, (1) the store clerk failed to identify him as the
person appearing on the video surveillance, and the investigating officer failed to obtain fingerprints
from the crime scene, (2) "[t]here is a reasonable doubt Appellant was the man who committed the
Aggravated Robbery, as alleged, and the cause should be reversed and remanded for a new trial." 
Initially, we note that appellant's contention misconstrues the appropriate standard of review. 
Assuming, however, that appellant intended to assert that the jury's verdict is against the great
weight and preponderance of the evidence, we cannot agree. The record reflects that after the
robbery, Price and Herman identified appellant in a photo lineup containing five other individuals. 
Both Price and Herman testified at trial that there was no doubt in their minds that appellant was the
same person who committed the robbery. Likewise, Seale testified that she was positive that
appellant was the same man who placed a gun against her head, ordered her out of her vehicle, and
then entered the 7-Eleven.

 Although the record reveals that Price and Herman incorrectly estimated his height,
it also shows that they both testified unequivocally that appellant was the man who robbed the 7-Eleven. Similarly, Seale's statement to police shortly after the attempted car jacking that she did not
get a good look at her assailant is not necessarily inconsistent with her trial testimony that she was
sure appellant was the same man who tried to rob her. Appellant called Maria Lyons to testify as
an alibi witness. She recalled that appellant was at her apartment on the evening in question but
testified that appellant might have left at some point that evening to go to the store. Lyons also
stated that she knew appellant had borrowed a black and red flannel shirt from another of the
apartment's residents. The jury had the opportunity to observe the witnesses' demeanor and
credibility, and we cannot say that the evidence of appellant's guilt is so obviously weak as to
undermine the confidence in the jury's determination of guilt. Thus, after reviewing the evidence
in its entirety, we hold that the evidence is factually sufficient to sustain appellant's conviction for
aggravated robbery. Accordingly, we overrule his second issue.

 In his first issue, appellant contends that the district court erred, as a matter of law,
in granting the State's first motion for continuance. See Tex. Code Crim. Proc. Ann. § 29.04 (West
1989). We review a district court's ruling on a motion for continuance for an abuse of discretion. 
See Vasquez v. State, 67 S.W.3d 229, 240 (Tex. Crim. App. 2002). Appellant asserts that the State's
motion "fails to show that a subpoena had been issued, that the testimony of the missing witness was
material for the State or what diligence had been used by the State to procure the attendance of the
witness." At the hearing on the State's motion, however, the State asserted that it used diligence in
attempting to procure Herman's attendance but was unable to locate her, and that as an eyewitness
to the robbery, her testimony was material. Appellant never challenged the State's contentions;
instead, he objected to the continuance based on his prolonged incarceration. (3) Such a contention,
however, is insufficient to establish that the trial court abused its discretion. Accordingly, we
overrule appellant's first issue.

CONCLUSION

 Having overruled appellant's issues, we affirm the district court's judgment.



 

 Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: September 12, 2002

Do Not Publish
1.   Price and Herman testified that appellant wore a blue flannel shirt; Seale recalled that the
flannel shirt was red and brown. All three, however, testified unequivocally that appellant was the
man they saw at the 7-Eleven on October 14. Because we conclude that any inconsistencies between
Price's, Herman's, and Seale's testimony fail to establish that the jury's verdict is manifestly unjust,
other than to note that we have considered appellant's contentions, we do not address further his
arguments relating to the inconsistencies in the witnesses' descriptions of appellant.
2.   Appellant cites no authority for the proposition that an officer's failure to obtain
fingerprints at a crime scene renders a judgment factually insufficient. Because our factual
sufficiency review includes a review of all of the evidence, our consideration of this contention is
subsumed in our analysis of whether the jury's verdict is manifestly unjust.
3.   Appellant contends in his brief: "While not couched in terms of depriving Appellant of
a speedy trial, the objection by Appellant to the granting of the State's Motion for Continuance . . .
put the trial court on notice that Appellant was being deprived of his right to have a speedy trial." 
Because appellant did not raise the contention in the court below that the State deprived him of his
right to speedy trial, he has waived the issue on appeal. Tex. R. App. P. 33.1; see also Barker v.
Wingo, 407 U.S. 514, 532 (1972).